# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Bryan

    v.

Henry and
Gallaway

October 31, 1985

Case No. 85-8

## By JUDGE W. PARK LEMMOND, JR.

I have reached a decision as regards the satellite dish installation at the property located at 14106 James River Drive, Prince George County, Virginia, which is the subject of the dispute between the seller and buyer of this real estate.

The issue is whether or not this device is real or personal property.

No authority has been cited nor has this Court discovered any judicial determination of this issue.

The "tests" for making such a determination are fairly clear, and, hence, the determination of this issue is one of applying new facts to old law. The tests applied are:

1. Annexation of the property to the realty,

2. Adaptation to the use or purpose to which that part of the realty with which the property is connected is appropriated, and

3. The intent of the parties.

The case law is clear that the relative importance of each of these tests is in the inverse order in which they are listed. Therefore, the Court will address them in inverse order.

There is no direct evidence as to the intention of the party making the annexation. It is essentially stipulated that the defendants herein were the annexors. It is likewise clear that their annexation was wrongful in that the asset purportedly annexed was not theirs and their acquisition of same was wrongful as to the plaintiff in this action, an incompetent. The law in this regard does not require that the intention of the annexor be expressed in words, but permits an inference from the nature of the article, the purpose of its installation, the relationship of the party making the annexation, and the structure and mode of such annexation.

In regard to the factors just set out, the facts before the Court in regard to the structure and mode of annexation are undisputed. This is a satellite dish, which is a collapsible, wire mesh structure attached by a metal sleeve to a metal pole. That pole is anchored in concrete and the sleeve is affixed to the pole by means of bolts. The control box located behind the mesh dish is affixed to this sleeve. There are wires that run from the installation underground to the house. From these facts, it clearly appears that the dish itself, along with the control box and sleeve, can be moved from the installation with relative ease. From this the Court finds it to be reasonably inferred that persons making such an installation (even when it is not the installation of a wrongfully acquired asset) intend to treat such an antenna device as personalty in that they can readily remove it to any other location.

Turning to the second test set out above, adaptation to the use of the property, it is clear that this dish antenna is not essential to the purposes for which the building is used or occupied. Certainly our society has not yet reached the point where the chief purpose of the home is to provide a shelter in which our populace may expose themselves to the endless and sometimes mindless offering served up on the cathode ray tube. A satellite dish installation at a retail television store might be quite a different situation.

With regard to the first test set out above, as stated in the more recent case law on subject, this test is of little impact except as it may relate to the intention of the party making annexation. The mode of the annexation

in this case has been set out above, and while the dish could hardly be called portable, it is clear that it is easily removed and such removal would cause no injury to the real estate upon which it is erected. Nor would its removal prevent the use of the realty for the purpose for which it was intended.

In conclusion, the Court finds that the collapsible, mesh dish, its control box, and the attaching sleeve are personal property. The Court further finds that the concrete installation, the pipe, and the underground wiring are real property.